E-FILED
Monday, 14 May, 2018 03:53:09 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CATLIN INDEMNITY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1047-JES-JEH |
| | ) | |
| KARL A. GOEKE, individually, JEAN SWANSON, individually, CHARLES SWANSON, individually, MCLEAN COUNTY UNIT DISTRICT NO. 5, and WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND OPINION

Now before the Court is a Motion to Dismiss for Lack of Jurisdiction (Doc. 22) by Defendants Charles and Jean Swanson and a Motion to Stay (Doc. 23) by Defendants Goeke and West Bend Mutual Insurance Company. For the reasons set forth below, the Motion to Dismiss for Lack of Jurisdiction (Doc. 22) is DENIED and the Motion to Stay (Doc. 23) is GRANTED. The Parties are to file a status report informing the Court of the status of the underlying litigation on or before September 1, 2018.

### BACKGROUND

This declaratory judgment action was filed by Plaintiff, Catlin Indemnity Company ("Catlin"), and names as Defendants Karl A. Goeke ("Goeke"), Jean and Charles Swanson ("the Swansons"), McLean County Unit District No. 5 ("the District"), and West Bend Mutual Insurance Company ("West Bend"). Doc. 1. In October 2017, the Swansons filed a complaint against Goeke and the District in the Circuit Court of the Eleventh Judicial Circuit in McLean County, Illinois, alleging that they suffered personal injuries when Goeke negligently operated

1

his 2007 Toyota Prius and crashed into the Swansons. *Jean Swanson and Charles Swanson v. Karl Goeke and McLean County Unit District No. 5*, Case No. 2017 L 122 (McLean Cnty Cir. Ct. filed Oct. 17, 2017).

According to Catlin's Complaint, Goeke previously taught for the District, but at the time of the accident he was employed solely as President of the Unit Five Education Association. Doc. 1, at 4. At the time of the accident, the District had in place a commercial automobile policy ("the Policy") issued by Catlin. The Policy provided coverage for anyone using the District's automobiles, but excluded coverage for automobiles owned by employees. *Id*. at 5. However, the Policy also contained an endorsement which appears to provide coverage for District employees when they use their own vehicle while performing the District's business or personal affairs. *Id*. Finally, the Policy provided that coverage for automobiles not owned by the District was excess over any other collectible insurance. Goeke and his wife were insured under a West Bend personal automobile policy that covered their 2007 Prius. *Id*. at 5–7.

Catlin filed this declaratory judgment action based on this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Catlin alleges in its Complaint that, for the purposes of diversity jurisdiction, it is a citizen of Delaware and Georgia, that Goeke is an Illinois citizen, the Swansons are Illinois citizens, the District is an Illinois citizen, and West Bend is a Wisconsin citizen. *Id*. at 1–2. Catlin alleges in its Complaint that Goeke does not qualify as an insured under the Catlin Policy because at the time of the accident he was either not an employee of the District, or he was not using his vehicle in the District's business or personal affairs. Second, Catlin alleges that its Policy is excess to West Bend's policy. *Id*. at 7–12.

On April 2, 2018, the Swanson Defendants filed a Motion to Dismiss for Lack of Jurisdiction. Doc. 22. Therein, the Swansons argue that they should be realigned in this action as

a plaintiff with Catlin because the Swansons are adverse to Goeke and the District in the underlying litigation. *Id.* at 4. The Swansons also argue that Catlin's duty to defend is at issue in this Court, and thus the Swansons and Goeke will have adverse interests until judgment has been reached in the underlying litigation. Because realignment of the Swansons as plaintiffs would destroy diversity, the Swansons argue that this action should be dismissed for lack of subject matter jurisdiction. Catlin responded to the Swansons' Motion, arguing that realignment of the Swansons as plaintiffs is improper because Catlin and the Swansons have directly adverse interests as to whether Goeke qualifies as an insured under the Policy. Doc 26, at 5–10. Further, Catlin argues that realignment is not warranted in this case because West Bend is providing a defense in the underlying litigation and therefore the duty to defend is not at issue. *Id.* at 10–12. Also pending is an unopposed Motion to Stay by the Goeke and West Bend Defendants. Doc. 23.

**LEGAL STANDARD**

"The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between ... citizens of different States' where the amount in controversy exceeds $75,000." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). "Ordinarily, a court will not interfere with the consequences of a plaintiff's selection in naming parties, unless the plaintiff has impermissibly manufactured diversity or used an unacceptable device to defeat diversity." *Lincoln Prop. Co.*, 546 U.S. at 93 (quoting 16 J. Moore et al., MOORE'S FEDERAL PRACTICE § 107.14[2][c], p. 107–67 (3d ed. 2005)). However, "[w]here jurisdiction is based on diversity of citizenship, the court may ascertain whether the alignment of the parties as plaintiff and defendant conforms with their true interests in the litigation." *American Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981) (quoting *Indianapolis v. Chase National Bank*, 314 U.S. 63 (1941)). "Realignment is proper when … no

actual, substantial controversy exists between parties on one side of the dispute and their named opponents, although realignment may destroy diversity and deprive the court of jurisdiction." *Id*.

**DISCUSSION**

In their Motion to Dismiss for Lack of Jurisdiction, the Swanson Defendants argue that they should be realigned in this action with Plaintiff Catlin because the Swansons are adverse to Goeke and the District in the underlying litigation. Doc. 22, at 4. Although the Swansons acknowledge that "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party," *Home Ins. Co. of Illinois v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998), they argue that this rule is inapplicable when the issue involves a duty to defend prior to judgment in the underlying litigation. *Id*. at 5–6. In support of their argument, the Swansons cite to *Preferred Chiropractic*, an opinion from the Southern District of Illinois, and *Nath*, an opinion from this District, for the proposition that, unlike the post-judgment determination of an insurer's duty to indemnify a purported insured, "[i]n the actions underlying declaratory judgment actions regarding duties to defend, the insured and injured often have adverse interests—an adversity which does not end until after a judgment." *Preferred Chiropractic, LLC v. Hartford Cas. Ins. Co.*, No. 10-CV-972-DRH, 2011 WL 2149091, at *3 (S.D. Ill. May 31, 2011) (citing *Grinnell Select Ins. Co. v. Glodo*, No. 08-CV-891-JPG, 2009 WL 455126, at *2 (S.D. Ill. Feb. 23, 2009)); *Nath v. Lexington Ins. Co.*, No. 17-cv-2147-CSB-EIL, 2017 WL 4276642, at *1 (C.D. Ill. Sept. 11, 2017), *report and recommendation adopted*, 2017 WL 4270625 (C.D. Ill. Sept. 26, 2017).

As Catlin points out in its Response, nothing in the present declaratory judgment action justifies deviating from the normal rule that "alignment of parties in a suit seeking a declaratory

4

judgment of non-coverage is Insurer versus Insured and Injured Party." *Home Ins. Co. of Illinois*, 154 F.3d at 741. Although the Swansons and Goeke have directly adverse interests in the underlying litigation, at issue in this declaratory judgment action is whether Goeke is an insured under the Catlin Policy and, if a judgment is entered against the state court defendants in the underlying litigation, whether Goeke must look first to the West Bend policy to satisfy that judgment. Catlin's interest in this litigation is to absolve itself of any potential liability to the Swansons. In contrast, the Swansons, Goeke, and the District all have an interest in making sure Catlin foots the bill for any judgment in excess of West Bend's policy limits. Therefore, an actual, substantial controversy exists between Catlin and the named Defendants. *Indianapolis v. Chase National Bank*, 314 U.S. 63, 69 (1941). A finding that Catlin owes a duty to indemnify Goeke mutually benefits Goeke and the Swansons; Goeke would be relieved of having to pay the judgment out of his own pocket, at least to the extent of the policy limit, and the Swansons would be assured that they will be able to collect at least a portion of the judgment owed them. See, e.g., *Grinnell Select Ins. Co. v. Glodo*, No. 08-CV-891-JPG, 2009 WL 455126, at *2 (S.D. Ill. Feb. 23, 2009) ("[A]ny finding that the insurer owes a duty to indemnify an insured mutually benefits the insured party and the injured party."); *Hulliung Gymnastics, Inc. v. Philadelphia Indem. Ins. Co.*, No. 13-CV-1279-JPG-DGW, 2014 WL 3400549, at *2 (S.D. Ill. July 9, 2014) ("[I]n a declaratory judgment action such as the instant case, the insurance company is really the adversary of the insured and the insured's victim.").

      The Swanson Defendants attempt to distinguish this case from the normal rule on alignment of parties by insisting that Catlin's duty to defend is at issue, and therefore Goeke and the Swansons will have adverse interests that will not end until a final judgment is reached in the underlying litigation. Doc. 22, at 7. True, the Swansons' interest in the underlying litigation is to

obtain a quick, large judgment against Goeke and the District. The provision of *a defense* to Goeke and the District will likely impede that goal, thus running counter to the Swansons' interests. But West Bend is already providing a defense to the District and Goeke in the underlying action, and West Bend appears to concede that Catlin's policy is excess to West Bend's obligations under its own policy. See Answer, Doc. 13, at ¶ 57. The Swansons do not attempt to explain why they should have any say in whether Catlin or West Bend provides that defense.

Moreover, the issue of *who* provides a defense to Goeke further justifies the current alignment of the Parties. Assume that Goeke qualifies as an insured under the Catlin Policy, and the Swansons obtain a judgment well in excess of the West Bend policy limits. As far as West Bend is concerned, there is no difference between a judgment against Goeke for the policy limits and a judgment against Goeke for triple the policy limits. The same does not hold true for Catlin, who may later wish to provide Goeke a defense so that it can control the litigation and limit its potential exposure. Again, the Swansons and Catlin have adverse interests. Therefore, "the normal alignment of parties in a suit seeking a declaratory judgment of non-coverage"—i.e., "Insurer versus Insured and Injured Party"—applies, and the Parties are properly aligned. *Home Ins. Co. of Illinois*, 154 F.3d at 741. Because the present alignment of the Parties meets the statutory requirements for diversity jurisdiction under 28 U.S.C. § 1332, the Swanson Defendants' Motion to Dismiss for Lack of Jurisdiction is denied.

Having resolved the jurisdictional issue, the remaining issue before the Court is the unopposed Motion to Stay by Defendants Goeke and West Bend. Doc 23. Therein, Defendants argue that a stay of all discovery and proceedings in this case until the underlying litigation has been resolved is required under Illinois law. See e.g., *Allianz Ins. Co. v. Guidant Corp.*, 355 Ill.

App. 3d 721, 731, 839 N.E.2d 113, 120 (2d Dist. 2005) ("[A]s a general matter, a declaratory judgment action to determine an insurer's duty to indemnify its insured should not be decided prior to the adjudication of the underlying action where the issues to be decided in both actions are substantially similar."). The Court agrees. All discovery and proceedings in this matter are therefore stayed until further order of the Court. The Parties are to file a status report informing the Court of the status of the underlying litigation on or before September 1, 2018.

## CONCLUSION

For the reasons set forth above, the Swanson Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 22) is DENIED and Goeke and West Bend Defendants' Motion to Stay (Doc. 23) is GRANTED. The Parties are to file a status report informing the Court of the status of the underlying litigation on or before September 1, 2018.

Signed on this 14th day of May, 2018.

<u>s/ James E. Shadid</u>
James E. Shadid
Chief United States District Judge